ORDER
 

 The opinion filed on September 12, 2003, and appearing at 343 F.3d 1129 (9th Cir. 2003), is amended as follows:
 

 At page 1132, second paragraph, after the sentence ending “excluding the possibility of a state-law tort action” add new footnote 7:
 

 LabOne argues that our decision conflicts with
 
 Frank v. Delta Airlines, Inc.,
 
 314 F.3d 195 (5th Cir.2002), which came down after briefing was completed in this case. There is no conflict.
 
 Frank
 
 held that an employee’s tort claims against his employing airline were expressly preempted.
 
 Frank
 
 is distinguishable because the claims were against the airline that employed the plaintiff, not, as in this case, against the laboratory. Consequently, the inconsistency in
 
 Frank
 
 between the federal regulatory scheme and the tort remedy was clear. For example, a federal regulation required that Delta select among the certified laboratories (it selected LabOne), but the plaintiffs tort claims included a claim of negligence for selecting LabOne. It is not clear from
 
 Frank
 
 how the Fifth Circuit would decide a claim such as this one against third-party tortfeasors.
 

 With this amendment, the panel has voted unanimously to deny the petition for rehearing. Judges Kleinfeld and McKeown have voted to deny the petition for rehearing en banc, and Judge Breyer has recommended the same.
 

 The full court has been advised of the petition for rehearing en banc, and no judge of the court has requested a vote on the petition for rehearing en banc. Fed. R.App. P. 35(b).
 

 The petition for rehearing and petition for rehearing en banc are DENIED.